IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

BRUCE HAMPTON,

    Plaintiff,

v.

LLOYD R. TRACKWELL, JR,

    Defendant.

CV 10-1233-SU

FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge:

*Findings and Recommendation*

    Bruce and Venese Hampton ("Hamptons"), citizens of Wallowa County, Oregon, brought an action in the Circuit Court for the State of Oregon, County of Wallowa ("State court"), against Lloyd R. Trackwell, alleging violations of the Oregon Unlawful Debt Collection Practices Act ("UDCPA"), OR. REV. STAT. §§ 697.005 - 697.992. The Hamptons allege Trackwell, acting as an agent of American Bank of Missouri ("ABM"), violated Oregon law in a number of particulars while attempting to collect money allegedly owed to ABM by the Hamptons. Trackwell, appearing *pro*

1 - FINDINGS AND RECOMMENDATION

*se*, removed the action to this court claiming there was federal question jurisdiction.[1] (Notice of Removal at 1.)

The Hamptons filed a Motion to Remand Case to State Court, along with a Motion to Dismiss Counterclaim and Third Party Action Against Bruce Hampton and a Motion for Order Allowing Limited Expedited Discovery. Oral argument was heard on the motion to remand and, for the reasons set forth below, the Hamptons' motion to remand should be granted; and their motions to dismiss and for expedited discovery should be denied as moot.

*Background*

In 2008, ABM filed a Complaint ("ABM lawsuit") in State court against the Hamptons, and others, as individuals and as trustees of two charitable trusts and an irrevocable life insurance trust bearing their names ("Hampton Trusts"). The Complaint in the ABM lawsuit alleged, *inter alia*, breach of contract and fraud arising out of a commercial loan between the Hampton Trusts and ABM.[2] On March 15, 2009, the Hampton Trusts and the Hamptons filed an Amended Answer, Crossclaims and Counterclaims in the ABM lawsuit. In that pleading, the Hampton Trusts and the Hamptons alleged that in August 2007, ABM and Trackwell entered into a collection agreement which appointed Trackwell as ABM's agent to collect the debt allegedly owed to ABM by the Hamptons. (Notice of Removal Ex. F. at 21; Answer Ex. A.) In their amended pleading, the Hamptons alleged wrongful debt collection practices, including violations of the Fair Debt

---

[1] In the Notice of Removal Trackwell also stated: "Diversity jurisdiction as defined by 28 U.S.[C. §] 1332 is also present here but is not asserted as the basis of jurisdiction." (Notice of Removal at 1.)

[2] The original Complaint in the State court case, American Bank of Missouri v. John Doe, et al., Wallowa County Circuit Court, Case No. 08-01-1296, is not part of the record before this court.

2 - FINDINGS AND RECOMMENDATION

Collections Practices Act, 15 U.S.C. §§ 1692-1692o ("FDCPA"), against ABM and Trackwell.

On September 1, 2009, the Hamptons filed a Complaint against Trackwell ("Trackwell lawsuit") in Wallowa County Circuit Court, alleging violations of the Oregon UDCPA, OR. REV. STAT. §§ 697.005 - 697.992.[3] The allegations of the Complaint in the Trackwell lawsuit are similar to the allegations made against ABM in the Answer filed in the ABM lawsuit, including an allegation that Trackwell wrongfully filed a complaint against the Hamptons with the Oregon Department of Justice. Violations of the FDCPA are not specifically alleged in the Trackwell lawsuit, although the allegations do include wrongful debt collection practices.

In April, 2010, the ABM lawsuit and the Trackwell lawsuit were consolidated by the Wallowa County Circuit Court.[4] (D. Zachary Hostetter Aff. Ex. 7, Oct. 27, 2010.) On September 9, 2010, an Amended Complaint was filed in the consolidated cases, specifically amending the Complaint in the Trackwell lawsuit. The Amended Complaint omitted the allegation that Trackwell's filing of a complaint against the Hamptons with the Oregon Department of Justice was a violation of the Oregon UDCPA, but included additional allegations of improper actions regarding the collection of the alleged debt. Trackwell filed his Notice of Removal in this court on October 8, 2010. The Hamptons' Motion to Remand Case to State Court was filed on November 1, 2010.

## Legal Standard

"Any Civil action brought in State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United

---

[3] The Wallowa County Circuit Court case is titled Bruce Hampton & Venese Hampton, husband and wife, v. Lloyd R. Trackwell, Jr., Case No. 09-09-13224.

[4] The Second Amended Answer reflects the consolidation of the cases in the style of the case. (Notice of Removal Ex. G.)

3 - FINDINGS AND RECOMMENDATION

States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

The procedure governing removal is found in 28 U.S.C. § 1446, which provides, in pertinent part:

> (b)  The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading...or within thirty days after service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446.

The procedure for remand is governed by 28 U.S.C. § 1447, which provides, in pertinent part: "(c) A motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) . . . ." 28 U.S.C. § 1447.

The removal statute is strictly construed and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). The presumption against removal jurisdiction means that "defendant always has the burden of establishing that removal is proper." *Id*.

4 - FINDINGS AND RECOMMENDATION

*Discussion*

Trackwell's notice of removal of the Trackwell lawsuit alleges the Complaint and Amended Complaint provide federal question jurisdiction under the FDCPA, 15 U.S.C. §§ 1692-1692o, and the Bank Secrecy Act, 31 U.S.C. § 5318(g)(3). Trackwell also alleges violations of the United States Constitution. The Hamptons' motion to remand challenges Trackwell's failure to adhere to the procedural requirements of the federal removal statute. The motion to remand is timely.

The original Complaint in the Trackwell lawsuit was filed on September 1, 2009, and served on Trackwell on September 9, 2009. (Hostetter Aff. Ex. 2.) A notice of removal of the original Complaint based upon either federal question or diversity jurisdiction should have been filed by October 9, 2009. 28 U.S.C. § 1446 (b). Trackwell argues that the Amended Complaint in the Trackwell lawsuit should be the date that triggers the 30 day period for filing a notice of removal. A notice of removal may be filed within 30 days after an amended pleading. However, this provision of the statute applies "if the case stated by the initial pleading is not removable . . ." and "an amended pleading . . . [is filed] from which it may first be ascertained that the case is one which is or has become removable . . . ." *Id.*

Trackwell argues he first became aware of the possibility of removing the Trackwell lawsuit when he "had a conversation with a federal official" on September 30, 2010. (Notice of Removal at 5.) He claims the Hamptons' amended pleading, which *deleted* the allegation regarding Trackwell's alleged report to the Oregon Department of Justice (an alleged violation of the Bank Secrecy Act) was meant to conceal the federal question jurisdiction and, therefore, supplies the necessary federal question jurisdiction. Trackwell also argues the allegations of the Amended

5 - FINDINGS AND RECOMMENDATION

Complaint include conduct prohibited by the FDCPA, and while not referring specifically to that statute, should be the basis of federal question jurisdiction.

Trackwell's arguments are not persuasive. The original complaint alleges facts which Trackwell characterizes as a violation of the Bank Secrecy Act. Whether or not the allegations actually do state such a claim, a notice of removal based on an alleged federal question claim in the original Complaint should have been filed 30 days after service of the complaint. Omitting those allegations from the Amended Complaint does not make the case removable.

Similarly, there are allegations in the Amended Complaint that Trackwell contends may fall within the scope of the FDCPA[5]. The allegations are similar to those found in the original Complaint with the addition of allegations of stalking, intimidation, and employing deceptive practices. If, indeed, there are claims cognizable under the FDCPA, the original Complaint states the same facts as the Amended Complaint that would have made the case removable under the federal statute. The notice of removal based on federal question jurisdiction was not timely under any circumstances.

Finally, Trackwell also argues that his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution are at issue based upon the allegations of the Complaint and Amended Complaint. Removal based upon such allegations appearing in the original Complaint should have been filed 30 days after service of the original Complaint.

Trackwell claims diversity jurisdiction based upon his citizenship in the state of Missouri. However, there is no evidence except Trackwell's statements of his citizenship in Missouri or

---

[5] A review of the record reveals the underlying debt is not a consumer debt for purposes of stating a claim under the FDCPA.

6 - FINDINGS AND RECOMMENDATION

Oregon. If Trackwell's citizenship is and has been in Missouri during the pendency of the Trackwell lawsuit, removal based upon diversity should have been sought within 30 days of the service of the original Complaint. In any event, removal based on diversity jurisdiction must be filed within one year of commencement of the original action, September 1, 2009. 28 U.S.C. § 1446(b). Trackwell's notice of removal was filed October 8, 2010, more than one year after commencement of the action.

*Conclusion*

Based on the foregoing, the Hamptons' Motion to Remand to State Court (doc. #6) should be GRANTED and all other motions should be DENIED as moot.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **February 4, 2011.** If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 20th day of January 2011.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
UNITED STATES MAGISTRATE JUDGE